# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert F. Serio
Direct: +1 212.351.3917
Fax: +1 212.351.5246
RSerio@gibsondunn.com

December 9, 2015

BY ECF AND HAND DELIVERY

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *In re Application of International Mineral Resources B.V.*, Case No. 15-mc-241-P1

Dear Judge Cote:

We write as counsel to Respondent, Patrick Salisbury, in the above-captioned matter (the "SDNY 1782 Action") in response to International Mineral Resources B.V.'s ("IMR") December 7 opposition to Mr. Salisbury's November 16 request for a FRE 502(d) Order with respect to seven email exchanges between Mr. Salisbury and his former consulting expert, Mr. Rinat Akhmetshin.

**1. IMR's Opposition to the Proposed 502(d) Order Ignores Its Own Prior Position**. Before IMR decided to oppose the proposed 502(d) Order, it offered its own substantially similar stipulation. When Mr. Salisbury first sought a Rule 502 stipulation with IMR (Ex. A.), IMR agreed in principle that Mr. Salisbury's use of these 7 documents would not trigger a subject matter waiver. IMR instead counter-proposed a *much broader* 502(d) order that protects more than 220 documents produced by Mr. Akhmetshin in a separate discovery action brought under 28 U.S.C. § 1782 (the "D.C. 1782 Action").[1] (Ex. B.)  Because Mr. Salisbury was not the sender or recipient of many of the documents produced in the D.C. 1782 Action, Mr. Salisbury could not enter a stipulation regarding those documents. (Ex. C.)  Mr. Salisbury therefore provided a revised and more limited stipulation for IMR's consideration, but received no response. (Ex. D).  This motion then followed.

**2. IMR Seeks An End-Run Around the Protective Order in the D.C. 1782 Action**. IMR buries its true motivations for its opposition in a footnote.  While claiming that the 7 emails are not even privileged, it nonetheless requests that this Court issue the broader 502(d) stipulation it proposed to Mr. Salisbury concerning all Mr. Akhmetshin's documents in the D.C. 1782 Action, expressly asking this Court to "allow IMR to use in these [SDNY 1782] proceedings documents it has obtained in [the] . . . []DC Proceedings[]." Dkt. 53 at 2 n.1.  That is a naked effort to circumvent the Protective Order in the D.C. 1782 Action, which expressly limits IMR's use of documents obtained in that action

---

[1] IMR also requested that Mr. Akhmetshin, a non-party to the SDNY 1782 Action, sign its proposed 502 order. (Ex. B.)

# GIBSON DUNN

"only in connection with the Dutch Action and any related appeal." (Ex. E ¶ 11).[2] IMR waited nearly four weeks to change its position and oppose Mr. Salisbury's request; not coincidentally, IMR filed this opposition only days after ECVK raised with the D.C. Court "IMR's apparent violations" of the D.C. Court's 1782 order and Protective Order. (*See* Ex. F at 2.). Mr. Salisbury's client, ECVK, intends to soon file with the D.C. Court a motion based on IMR's violations of the D.C. Court's Protective Order. Because this issue is obviously not time sensitive, it can be resolved after briefing in the S.D.N.Y. 1782 Action is completed later this month.

**3. Mr. Salisbury's Proposed 502(d) Order Is Appropriate.** The requested 502(d) order concerning the seven Salisbury emails fall squarely within one of the purposes of Rule 502—to avoid costly disputes about subject matter waiver. There is no sword and a shield issue here. The emails in question were already produced to IMR in the D.C. 1782 Action, over Mr. Akhmetshin's claim of privilege. There is thus no risk of "selective disclosure" on the part of Mr. Salisbury that would militate against issuance of a Rule 502 order. *Cf.* 2007 Comm. Notes to Fed. R. Evid. 502 ("a subject matter waiver . . . is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary"). To the contrary, use of these seven documents in this SDNY 1782 Action without a broader subject matter waiver is necessary to correct misrepresentations resulting from IMR's false allegations of hacking, *see* Salisbury 11/16/15 Mem. at 9, and thus furthers the interests of justice and this Court's truth-seeking mission. *See Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1025 (7th Cir. 2012).

**4. Mr. Salisbury Is Not Estopped From Asserting Privilege Over the Seven Documents.** Finally, IMR's collateral estoppel argument is without merit. The seven documents at issue involve Mr. Salisbury, a lawyer, and his former consulting expert. IMR's contention that the D.C. court "ruled that [the seven documents] were not privileged" is misleading. IMR fails to disclose that the D.C. Court held, based on information provided to it *after* production of the emails, that the "privilege objections raised by [Mr. Akhmetshin and ECVK] *were reasonable*." Dkt. 53-2 at 2 (emphasis added). IMR also does not disclose that the D.C. Court required IMR to reimburse Mr. Akhmetshin for costs and fees incurred in that action, finding that Mr. Akhmetshin was a non-testifying expert consultant to Mr. Salisbury and that the "evidence [was] far from conclusive" that Mr. Akhmetshin was involved in any wrongdoing. (Ex. G at 5-6). In any event, since Mr. Salisbury was not a party to the D.C. 1782 Action, he cannot be bound by that court's privilege rulings.[3]

---

[2] IMR's serial 1782 actions against Mr. Akhmetshin and Mr. Salisbury have nothing to do with the foreign litigation for which they were purportedly filed. Instead, these 1782 actions were filed to obtain discovery for use in a trespass to chattels lawsuit IMR recently filed in New York State court. Importantly, IMR repeatedly referenced Akhmetshin's documents throughout the state court complaint (Maloney Decl. Ex. 36., ¶¶ 50-57, 65-70), in violation of the Protective Order in the D.C. 1782 Action. (Ex. E at ¶ 11.).

[3] IMR cannot assert non-mutual offensive collateral estoppel with respect to rulings in the D.C. 1782 Action that Mr. Salisbury did not have a full and fair opportunity to litigate. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329-330 (1979)). *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 369 (2d Cir. 1995), provides IMR no support because the defendant in that admiralty case—unlike Mr. Salisbury here—exercised "control of and participat[ed] in" the prior litigation and even entered an appearance in that action.

GIBSON DUNN

Respectfully submitted,

*Robert Serio /aw*

Robert F. Serio

RFS/lr

cc: Hon. Victor Marrero
    Rebecca G. Mangold
    Jonathan D. Cogan
    Andrew M. Lankler