UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE APPLICATION OF
INTERNATIONAL MINERAL RESOURCES
B.V.

For an Order Pursuant to 28 U.S.C. § 1782 to
Conduct Discovery For Use In Foreign
Proceedings

------------------------------------------------------------x

15 Misc. 241 (Part I)
Case No. 15-mc-00241-P1

**SUPPLEMENTAL DECLARATION OF DR. MARIELLE KOPPENOL-LAFORCE**

Marielle Koppenol-Laforce hereby declares as follows:

1.  I am a partner at Houthoff Buruma, a 250-lawyer internationally active law firm headquartered in Amsterdam, with offices in the Netherlands (Amsterdam, Rotterdam), Belgium (Brussels), the United Kingdom (London) and the United States (New York). Together with Mr. Patrick Salisbury, I serve as counsel for EuroChem Volga-Kaliy LLC ("ECVK") in the lawsuit brought by ECVK against International Mineral Resources B.V. ("IMR") in the Netherlands (the "Dutch Action").

2.  I previously submitted a declaration, signed on September 15, 2015, in support of Mr. Salisbury's motion to quash the subpoena dated on August 10, 2015 (Dkt. No. 33). I incorporate by reference and attest to the truth of all statements made in that September 15, 2015 declaration. I submit this supplemental declaration to further explain the basis of my opinions on several issues of Dutch law and to draw the Court's attention to factual developments in the underlying foreign proceedings.

3.  Mr. Salisbury has not filed a notice of appearance in the Dutch proceedings because he is not permitted to do so as a United States-based attorney. But Mr. Salisbury serves

a key role in the legal representation of ECVK before the Dutch courts. Mr. Salisbury reviews and comments on any submissions made in the proceedings, has submitted an affidavit in support of ECVK's claims, is involved in all strategic decisions, and has attended numerous court hearings, including, for example, hearings on ECVK's requests for attachment and on IMR's requests to lift the attachment orders.

4. On July 19, 2013, the Amsterdam District Court confirmed, after an extensive evidentiary hearing, the order previously issued on June 27, 2013 granting ECVK leave to attach IMR's assets in the amount of approximately $1 billion. On November 4, 2015, the Amsterdam District Court granted ECVK's request for leave to levy an additional prejudgment attachment against IMR in the amount of $124.9 million (the amount awarded to ECVK in the Swiss arbitration against Shaft Sinkers). Although Shaft Sinkers is not a party in the Dutch Action, the District Court noted that attachment of IMR's assets was "in line with the award of 21 August 2015 made in the Swiss arbitration, which was granted after this Court had rendered its judgment on 25 June 2014."

5. A true and correct copy of a certified translation of the Amsterdam District Court's November 4, 2015 order is attached as **Exhibit 1.**

6. It is my opinion that a Dutch court would not find the evidence sought from Mr. Salisbury in this proceeding to be relevant to any issue, claim, or defense in the underlying Dutch Action.

7. On June 23, 2015, IMR submitted a Statement of Defense to the Dutch Appellate Court. Although IMR obtained documents and had an opportunity to depose Mr. Rinat Akhmetshin as a result of the Section 1782 proceedings in Washington, D.C., IMR's Statement

2

of Defense did not present any evidence to substantiate its hacking allegation, or identify a single purportedly hacked document that was introduced as evidence in either the Dutch District Court or in the Dutch Appellate Court.

8. The only piece of evidence that IMR alleges was introduced in the Dutch Action as a result of Mr. Akhmetshin's purportedly inappropriate actions is a "publication that was entered into evidence by ECVK in order to obtain leave to levy attachment against IMR." **Exhibit 2, fn. 647.** That publication, however, was an article published in *The Guardian*, which discussed the UK Serious Fraud Office ("SFO") having launched a criminal investigation into ENRC and quoted explicitly from the SFO's *public* statement that the investigation pertained to "fraud, bribery, and corruption." *See* **Exhibit 3**. That article was included, together with three other publications, as part of an exhibit in support of in ECVK's attachment application. Together, the articles showed that ENRC's unlawful activities included the fraudulent transfers of its subsidiaries funds. Even assuming that ECVK or Mr. Akhmetshin were somehow involved in communications with the journalist responsible for this article, IMR does not allege that the publication was false, fabricated, or otherwise fraudulent, and the content suggests it came directly form the SFO. Thus, IMR fails to identify how or why this publication raises any issues in the Dutch Action, much less an issue as to which the evidence sought from Mr. Salisbury would be relevant.

9. A true and correct copy of a certified translation of relevant excerpts from IMR's June 23, 2015 Statement of Defense is attached as **Exhibit 2.**

10. A true and correct copy of Exhibit 11 to ECVK's June 26, 2013 application for attachment is attached as **Exhibit 3.**

3

11. To the extent IMR claims that the evidence it seeks from Mr. Salisbury would be relevant to a defense of "inequitable conduct" in the Dutch Action, it is my opinion that a Dutch court would not interpret the alleged activity outside the proceedings to be the basis of a claim of "inequitable conduct." In other words, the doctrine of "inequitable conduct," to the extent it exists in the Netherlands, is in principle limited to inequitable conduct in the proceedings themselves – such as submitting false documents or knowingly making false statements. The alleged conduct outside the proceedings that has no effect on the outcome cannot be considered "inequitable."

12. Even if IMR were somehow able to identify a hacked document submitted into evidence by ECVK in the Dutch Action, it is my opinion that the provenance of any such document would be irrelevant to a Dutch court. As I noted in my declaration of September 15, 2015, "the general rule in Dutch civil litigation is that finding the truth prevails over excluding unlawfully obtained evidence." Dkt. No. 33 at ¶ 27. And evidence of fraud is generally admissible, no matter how obtained. Thus, even if IMR could identify an allegedly hacked document entered into evidence, that fact would be insufficient to warrant exclusion.

13. IMR's counsel, Mr. Robbert de Bree claims "that IMR is contemplating and considering its options for initiating a new action against ECVK in the Netherlands based on" its hacking allegations. Dkt. No. 8 at ¶ 14. It is my opinion that, in addition to being unsupported by facts, IMR's purportedly contemplated action could not be brought in the first instance because the Dutch court would lack jurisdiction over it. IMR makes no allegation that the so-called "hacking" occurred on any server located in the Netherlands, nor does IMR allege that it suffered any damage as a result of the hacking in the Netherlands, because it does not contend that any document obtained by hacking was introduced in the Dutch action. Accordingly, it is

4

my opinion that there is no basis for jurisdiction over IMR's purportedly contemplated claim in the Netherlands.

I hereby declare, under penalty of perjury, that the foregoing is true and correct.

Dated: Rotterdam
       November 16, 2015

_____
Marielle Koppenol-Laforce