UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>Applicant. | Case No. 1:15-mc-00241 |

**DECLARATION OF REBECCA G. MANGOLD**

# **EXHIBIT E**



Hogan Lovells (South Africa)
Incorporated as Routledge Modise Inc.
22 Fredman Drive
Sandton, Johannesburg
PO Box 78333 Sandton City 2146
DX 7 Sandton Square
T +27 11 286 6900
F +27 11 286 6901
www.hoganlovells.com

By email

KOBRE & KIM LLP
jonathan.cogan@kobrekim.com
rebecca.mangold@kobrekim.com

Your ref      Ms R Mangold
Our ref       Mr G Pritchard/I35918
              /4150603

1 October 2015

## SHAFT SINKERS (PTY) LTD (IN LIQUIDATION) // VARIOUS EX-EMPLOYEES OF SHAFT SINKERS (PTY) LTD

Dear Mr Cogan

1. We refer to your letter of 27 September 2015, in which you requested a short letter setting out the legal position relating to our letters to six ex-employees of Shaft Sinkers (Pty) Ltd ("ShS") and comments to paragraph 11 of a legal opinion dated 15 September 2015 filed by Salisbury & Ryan LLP in the United States District Court.

2. Arbitration proceedings between EuroChem-Volgakaliy ("EuroChem") (on the one hand) and Shaft Sinkers (Pty) Ltd and Rossal No 126 (Pty) Ltd ("Rossal") (on the other hand) took place in Zurich, Switzerland, commencing in 2012 and continuing through 2015. Furthermore, arbitration proceedings between the same parties are pending in Paris, France.

3. In the course of the Swiss proceedings, ShS discovered that a number of its ex-employees had disclosed certain confidential information of ShS and provided witness statements to EuroChem in violation of the various employees' employment contracts and in breach of their fiduciary duties towards ShS.

4. It was in this connection that letters were written to each of these employees for purposes of enforcing their contractual obligations to ShS.

5. We note that the allegations of witness intimidation at paragraph 11 of a legal opinion dated 15 September 2015 filed by Salisbury & Ryan LLP in the United States District Court are incorrect in several respects. Firstly, we are appointed as counsel for the business rescue practitioners of ShS and Rossal. We do not represent IMR. Secondly, it is clear from the letters sent to the former employees of ShS that there has been no attempt to intimidate the employees from testifying in proceedings where they may be called upon to give evidence.

05612-00001/7260234.1

Hogan Lovells (South Africa) is the practising name of Routledge Modise Inc (registration number 1992/006150/21; VAT registration number 4430134611), which is an affiliated business of Hogan Lovells International LLP, a limited liability partnership registered in England and Wales. "Hogan Lovells" is an international legal practice that includes Hogan Lovells International LLP and Hogan Lovells US LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Brussels  Caracas  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rio de Janeiro  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Ulaanbaatar  Warsaw  Washington DC   Associated Offices: Budapest  Jeddah  Riyadh  Zagreb.

Hogan Lovells (South Africa) partners: L Modise (Chairman), J Andropoulos, W Badenhorst, W Beech, B Biebuyck, A Boshoff, J Buckland, A Canny, P Chenery, W Drue, A Eliott, M Els, D Francis, M Govender, J Jacobs, I Jacobsberg, D Kouvelakis, D Magidson, I Mahomed, N Napier, E Nel, J Peart, K Pietersen, C Pillay, L Pillay, R Pillay, G Pritchard, C Rumsey, H Schensema, C Serobe, A Shapiro, E Souris, S Thema, P van Rensburg, V Vurgarellis, N Webb    Consultants: D Adams, R Botha, C Marais, D Rabin    Senior Associates: L Acker, S Baker, S Chauke, J Ewang, K Kramer, K Krisch, M Leibowitz, W Makadam, M Mochitele, A Nondwana, C Pavlovic, J Reddi, N Veltman, B Wray   Associates: M Adam, Z Akram, D Donaldson, L du Plessis, A Graham, J Higgs, M Khan, P Letsaba, P Lourens, G Mathebula, G Miskin, C Murdock, S Nandkissor, M Ngcobo, M Nicholas, J Nielsen, K Nkaiseng, P Nkuna, T Paterson, M A Phooko, P Sannasi-Pillay, G Sader, H Sathekge, D Sebola, E van Zyl, C You    Head of Tax and Head of China Practice Group: E Lai King*  Chief Executive Officer: M Thomson*  Chief Financial Officer: P Labuschagne*    *not attorney/not partner

The word "partner" is used to describe a partner or member of Hogan Lovells International LLP, Hogan Lovells US LLP or any of their affiliated entities or any employee or consultant with equivalent standing. Certain individuals, who are designated as partners, but who are not members of Hogan Lovells International LLP, do not hold qualifications equivalent to members. The word "partner" may be used to refer to a director of Routledge Modise Inc, but the use of that term does not indicate that Routledge Modise Inc, is a partnership, nor that the directors of Routledge Modise Inc are in partnership with the partners or members of other entities in the Hogan Lovells international legal practice. For more information about Hogan Lovells, the partners and their qualifications, see www.hoganlovells.com.

KOBRE & KIM LLP — - 2 - — 1 October 2015

6. A proper legal basis exists for sending the letters to the ex-employees and ShS is permitted by law to pursue the legal remedies available to it to enforce the ex-employees' contractual obligations and fiduciary duties towards ShS and Rossal. A letter of demand to the ex-employees requesting compliance with their contractual obligations can therefore not amount to witness intimidation.

7. What has been demanded was a representation by the ex-employees that no confidential information would be divulged in breach of their employment contracts and in breach of their fiduciary duties to their former employer, namely ShS.

8. As an example of these letters, we annex the letter that we sent to a former employee named Christopher Hall on 4 August 2015. We have sent similar letters to other former employees.

9. Since sending the letter to Mr Hall, we have filed an application in the High Court of South Africa against Mr Hall to enforce his contractual and fiduciary obligations to ShS.

Yours faithfully

Gary Pritchard
Partner



Hogan Lovells (South Africa)
Incorporated as Routledge Modise Inc.
22 Fredman Drive
Sandton, Johannesburg
PO Box 78333 Sandton City 2146
DX 7 Sandton Square
T +27 11 286 6900
F +27 11 286 6901
www.hoganlovells.com

Gary Pritchard
gary.pritchard@hoganlovells.com
D +27 11 523 6059
M 082 492 8785

Mr Christopher Hall

| | |
|---|---|
| Your ref | Mr Christopher Hall |
| Our ref | I35918 / Gary Pritchard/Kylene Weyers |
| /4127476 | |

4 August 2015

Dear Sirs,

**Shaft Sinkers Holdings PLC (in liquidation) and Shaft Sinkers (Pty) Ltd (in business rescue) / Mr Christopher Hall**

1. We act on behalf of Shaft Sinkers Holdings PLC (in liquidation) ("**SSH**") and on behalf of Shaft Sinkers (Pty) Limited (in business rescue) ("**ShS**"), the latter being a Group Company referred to below ("**our clients**").

2. We are instructed that on or about 20 December 2010, you concluded a service agreement ("**the agreement**") with SSH in terms of which you were employed as the Finance Director. We are furthermore instructed that your employment was terminated on 11 January 2015.

3. In terms of the agreement, a "Group Company" means "any company which is a holding company of the Company or a subsidiary undertaking of the Company or of any holding company (as such expressions are defined in sections 548, 1159 and 1162 Companies Act 2006) and "Group" shall be defined accordingly".

4. Furthermore, the following relevant clauses are contained in the agreement:

    12.1 *In addition to and without prejudice to the Executive's common law obligations to keep information secret, the Executive will not (except for the purpose of performing his duties or unless ordered to do so by a court of competent jurisdiction) either during his employment or after its termination directly or indirectly use, disclose or communicate Confidential Information and he will use his best endeavours to prevent the improper use, disclosure or communication of Confidential Information:*

    (A) *concerning the business of the Company or any Group Company and which comes to the Executive's attention during the course of or in*

Hogan Lovells (South Africa) is the practising name of Routledge Modise Inc (registration number 1992/006150/21; VAT registration number 4430134611), which is an affiliated business of Hogan Lovells International LLP, a limited liability partnership registered in England and Wales. "Hogan Lovells" is an international legal practice that includes Hogan Lovells International LLP and Hogan Lovells US LLP, with offices in: Alicante Amsterdam Baltimore Beijing Brussels Caracas Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Monterrey Moscow Munich New York Northern Virginia Paris Perth Philadelphia Rio de Janeiro Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Ulaanbaatar Warsaw Washington DC Associated Offices: Budapest Jakarta Jeddah Riyadh Zagreb.

Hogan Lovells (South Africa) partners: L Modise (Chairman), J Andropoulos, W Badenhorst, W Beech, B Biebuyck, B Boshoff, J Buckland, A Canny, P Chenery, W Drue, A Eliott, M Els, D Francis, M Govender, J Jacobs, I Jacobsberg, D Kouvelakis, D Magidson, I Mahomed, N Napier, E Nel, J Peart, D Pennington, K Pietersen, C Pillay, L Pillay, R Pillay, G Pritchard, C Rumsey, H Schensema, C Serobe, A Shapiro, E Souris, S Thema, P van Rensburg, V Vurgarellis, N Webb    Consultants: D Adams, R Botha, C Marais, D Ntombela, D Rabin    Senior Associates: S Baker, S Chauke, J Ewang, K Kramer, K Krisch, M Leibowitz, W Makadam, M Mochitele, A Nondwana, C Pavlovic, J Reddi, N Veltman, B Wray     Associates: M Adam, Z Akram, T Dlongolo, D Donaldson, L du Plessis, A Graham, J Higgs, M Khan, P Letsaba, P Lourens, G Mathebula, S Mbuli, G Miskin, C Murdock, S Nandkissor, M Ngcobo, M Nicholas, J Nielsen, K Nkaiseng, P Nkuna, T Paterson, M A Phooko, P Sannasi-Pillay, G Sader, H Sathekge, D Sebola, E van Zyl, C You
Head of Tax and Head of China Practice Group: E Lai King*    Chief Executive Officer: M Thomson*   Chief Financial Officer: P Labuschagne*     *not attorney/not partner

The word "partner" is used to describe a partner or member of Hogan Lovells International LLP, Hogan Lovells US LLP or any of their affiliated entities or any employee or consultant with equivalent standing. Certain individuals, who are designated as partners, but who are not members of Hogan Lovells International LLP, do not hold qualifications equivalent to members. The word "partner" may be used to refer to a director of Routledge Modise Inc, but the use of that term does not indicate that Routledge Modise Inc, is a partnership, nor that the directors of Routledge Modise Inc are in partnership with the partners or members of other entities in the Hogan Lovells international legal practice. For more information about Hogan Lovells, the partners and their qualifications, see www.hoganlovells.com.

Mr Christopher Hall       - 2 -       4 August 2015

         *connection with his employment with the Company or any Group Company from any source within the Company or any Group Company; or*

         …

12.2   *For the purposes of clause 12.1, Confidential Information means:*

   (A)   *any information of a confidential nature (whether trade secrets, other private or secret information including secrets and information relating to corporate strategy, business development plans, product designs, intellectual property, terms of business with customers and potential customers and/or suppliers, annual budgets, management accounts and other financial information) whether or not it is specifically designated as confidential or secret; and/or*

   (B)   *any confidential report or research undertaken by or for the Company or any Group Company before or during the course of the Executive's employment; and/or*

   (C)   *the prior financial results of any individual part of the business of the Company or any Group Company which are not publicly available and which could damage the Company and/or benefit competitors or prospective competitors; and/or*

   (D)   *details of the requirements, financial standing, terms of business and dealings with any Company or Group Company of any client of the Company or any Group Company; and/or*

         …

12.4   *The obligations of the Executive under this clause 12 shall continue to apply after the termination of the Executive's employment irrespective of the reason for termination.*

         …

23.   *This Agreement shall be governed by and construed in accordance with South African law and the parties agree to submit to the exclusive jurisdiction of the South African Courts as regards any claim, dispute or matter arising out of or relating to this Agreement.*

5.   Furthermore, the relevant clause in Schedule 1 reads as follows:

   1.6   *The Executive shall not at any time (whether during or after the termination of his employment) make whether directly or indirectly any untrue, misleading or derogatory oral or written statement concerning the business, affairs, officers or employees of the Company or any Group Company.*

6.   We are furthermore instructed that there are two sets of arbitration proceedings currently pending between Eurochem-Volgakaliy LLC (**"Eurochem"**) on the one hand and ShS and Rossal No 126 (Pty) Ltd (**"Rossal"**) on the other hand. An evidentiary hearing for one of those proceedings took place in Zurich, Switzerland in 2014 and the outcome of those arbitration proceedings is awaited.

7.   You testified at the aforesaid arbitration on behalf of ShS and Rossal. We understand that you then furnished Eurochem with at least two written statements dated 22 and 30 June 2015 containing certain confidential information, which constitutes a breach of the

Mr Christopher Hall        - 3 -        4 August 2015

    confidentiality clauses in the agreement and which is also in breach of to your fiduciary duties as the erstwhile Finance Director of SSH.

8. Also, we were instructed that you have delivered to Eurochem, a lot more confidential information belonging to our clients, and you have deposed to an affidavit in an application for the liquidation of ShS in the High Court of South Africa which also contains confidential information of our client.

9. The use of the confidential information which has been furnished by you as referred to above, has already caused and will further cause damage to, amongst others, our clients.

10. Our clients have reason to suspect that there will be further breaches by you of the confidentiality clause contained in the agreement as well as of your fiduciary duty towards our client, notwithstanding the fact that your employment has terminated.

11. The import of this letter is accordingly to demand that you within 5 (five) days from date hereof:

    (i) Retract all statements made by you in any forum where reference is made to our clients and in which confidential information has been referred to without our clients' permission:

    (ii) Provide us with a detailed written report on which information and documents you have provided to Eurochem or its affiliates or their laywers; and

    (iii) Return to our offices, all of the confidential information which you unlawfully handed over to Eurochem or its affiliates or their laywers in breach of the agreement and your fiduciary duty towards our clients; and

    (iv) Ensure that Eurochem or its affiliates or their laywers has not retained any copies in any format whatsoever of the confidential information referred to above and provide written confirmation to this effect to our offices; and

    (v) Provide us with information whether Eurochem or its affiliates or their lawyers paid you to provide the witness statements and confidential information and documents; and

    (vi) Furnish us with a written undertaking that you will refrain from making any further statements and/or divulging any further confidential information to any parties wheresoever in breach of the agreement and your fiduciary duty towards our client.

12. In the event that we have not received confirmation of your total compliance with the demands referred to above within 5 (five) days from date hereof, we hold instructions to without further communication proceed to approach the High Court of South Africa to, *inter alia*, interdict you from continuing to breach the agreement and your fiduciary duty by disseminating confidential information belonging to our clients, as well as for the return of all confidential information contained in documentation or any other format which you unlawfully handed to Eurochem or any other party not entitled to such confidential information. In such application we shall seek a punitive costs order against you.

13. Once our clients have computed the damages which they have suffered as the result of your unlawful actions, action will be instituted for recovery of such damages, together with an appropriate order as to costs.

Mr Christopher Hall - 4 - 4 August 2015

14. Our clients' rights remain strictly reserved.

Yours faithfully,

Gary Pritchard
Partner
Hogan Lovells (South Africa)